**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-06718 BKT** |
| | **Chapter 7** |
| **LUIS DIESEL SERVICES, INC.** | |
| Debtor(s) | |
| | |
| **NOREEN WISCOVITCH-RENTAS** | |
| **Chapter 7 Trustee for the Bankruptcy** | |
| **Estate of LUIS DIESEL SERVICES, INC.** | |
| | |
| **Plaintiff** | |
| | |
| **vs.** | **Adversary No. 15-00207 BKT** |
| | |
| | |
| **MAPFRE PRAICO INSURANCE** | |
| **COMPANY; PUMA ENERGY CARIBE,** | |
| **LLC.** | **FILED & ENTERED ON 03/28/2017** |
| | |
| **Defendant(s)** | |

## OPINION AND ORDER

Before the court is Co-Defendant Puma Energy Caribe, LLC's ("Puma") *Motion to Dismiss*

*Pursuant to Federal Rules of Civil Procedure 37 (b)(2) & 41(b) and for Attorney's Fees, or in the*

*Alternative, for Plaintiff to be Precluded from Supporting its Claims* [Dkt. No. 27], Co-Defendant

MAPFRE PRAICO ("MAPFRE") Insurance Company's *Motion to Join Co-Defendant Puma Energy*

*Caribe, LLS's Motion to Dismiss and for Attorney's Fees at Docket No. 27* [Dkt. No. 28] and, the appointed Chapter 7 Trustee's ("Plaintiff") *Opposition to Defendants' Request for Dismissal* [Dkt. No. 32]. For the reasons set forth below, Puma's *Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 37 (b)(2) & 41(b) and for Attorney's Fees, or in the Alternative, for Plaintiff to be Precluded from Supporting its Claims* is GRANTED, in part as to the dismissal with prejudice of the Complaint.

**Factual Background**

Plaintiff filed a Complaint on August 8, 2015 [Dkt. No. 1]. On September 9, 2015, Co-Defendant, Puma answered said Complaint. [Dkt. No. 9]. Co-Defendant, MAPFRE answered the Complaint on November 2, 2015. [Dkt. No. 16]. Subsequently, on December 2, 2015, at the initial scheduling conference, the court granted all parties one hundred and twenty (120) days in order to conduct discovery. Pursuant to the Minutes, each party was given until March 31, 2016, to conduct discovery. [Dkt. No. 18].

On December 3, 2015, Plaintiff requested from Puma the invoices related to the case at bar. During the course of that same day, Puma, proffered said documents to Plaintiff. A month later, on February 8, 2016, Puma served Plaintiff its 'Request for Admissions' in conformity with Fed. R. Bankr. P. 7036. However, there is no evidence on the record that suggests that Plaintiff proffered said documents to Puma. It appears that Plaintiff failed to comply with the 30 day period provided in Rule 7036, as well as, with the 120 day period to conduct discovery that was established at the

aforementioned scheduling conference. On February 23, 2016, MAPFRE delivered its 'Request for Admissions' to Plaintiff in accordance with Fed. R. Bankr. P. 7036. In its motion, MAPFRE alleges that Plaintiff failed to deliver its answers to them within the established deadlines. [Dkt. No. 22]. On April 1, 2016, Plaintiff filed a *Motion for an Extension of Time to Conduct Discovery* [Dkt. No. 20]. Said motion was opposed by MAPFRE and denied by this court on April, 7, 2016, because Plaintiff failed to show "good cause" for the request for additional time [Dkt. No.'s 21 & 24].

**Standard of Review:**

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v):

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

…

(v) dismissing the action or proceeding in whole or in part;

….

The First Circuit has held that "[w]here a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to [the] dismissal" of the case. Angulo-Alvarez v. Ponte de la Torre, 170 F. 3d 246, 252 (1st Cir. 1999); see also Damiani v. R.I. Hospital, 704 F. 2d 12, 15 (1st Cir. 1983) (holding that "[n]othing in [Fed. R. Civ. P. 37] states or suggests

that the sanction of dismissal can be used only after all the other sanctions…have been considered and tried.").

On the other hand, our court has been emphatic that "[d]ismissal as a sanction runs counter to judicial policy favoring the disposition of cases on the merits." Velazquez Rivera v. Sea-land Serv., Inc., 920 F. 2d 1072, 1075-1076 (1st Cir. 1990). Therefore, it has been well established, that a "[d]ismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." Young v. Gordon, 330 F. 3d 76, 81 (1st Cir. 2003) (internal citations omitted). (ruling that a party's "[d]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct"); see also Tower Ventures, Inc. v. City of Westfield, 296 F. 3d 43, 46 (1st. Cir. 2002). The legal standard pertaining to dismissal of a party's claim for failure to obey with a courts order, prescribes that "[t]he ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young, 330 F. 3d at 81; see also, Tower Ventures, 296 F. 3d at 46. In doing so, the adjudicating judge will assess the appropriate sanction based on: (i) the "[s]everity of the violation; (ii) the legitimacy of the party's excuse; (iii) repetition of violations; (iv) the deliberateness of the misconduct; (v) mitigating excuses; (vi) prejudice to the other side and to the operations of the court and; (vii) the adequacy of lesser sanctions." Colon v. Blades, 268 F.R.D. 137, 139 (D.P.R. 2010) (citing Benitez-Garcia v. Gonzalez-Vega, 468 F. 3d 1, 5 (1st Cir. 2006)).

**Legal Analysis**

After a careful analysis of the factual situation of the case at bar, the applicable law and interpretative caselaw, there is no doubt that Plaintiff voluntarily failed to timely answer and deliver the requested set of interrogatories, requests for production of documents and, requests for admissions served by Co-Defendants. In fact, Plaintiff did not only fail to answer and deliver the aforementioned interrogatories, it also failed to expressly object or to request a protective order against the same. See, e.g., Allahverdi v. Regents of the Univ. of N.M., 228 F.R.D. 696, 698 (D.N.M. 2005); see also Casson Const. Co. V. Armco Steel Corp., 91 F.R.D. 376, 378 (D.C. Kan. 1980).

In light of the information pertained in the record, on December 2, 2015, this court granted all the parties herein "one hundred and twenty days" in order to conduct discovery. During said period, Co-Defendants, Puma and MAPFRE, served their "Requests for Admissions" upon Plaintiff pursuant to Fed. R. Bankr. P. 7036, and conducted their discovery in accordance with the timetable established at the initial scheduling conference. Whereas, Plaintiff failed to comply with this court's order, and instead decided to file a request for an extension of time after the discovery period had ended without just cause. [Dkt. No. 20]. Despite Puma and MAPFRE's effort, Plaintiff failed to provide the Co-Defendant's the requested information pertinent to their discoveries. In all aspects, it is a well established principle that litigants that ignore a case-management deadline do so at their own risk. Rosario-Diaz v. Gonzalez, 140 F. 3d 312, 315 (1st. Cir. 1998). In accordance to the latter,

and as of this date, Plaintiff has still not provided the requested documents nor has he given a legitimate excuse for his failure to do so. Plaintiff's neglect and ineffective attention, has given this court no other option but to determine that the appropriate sanction is dismissal of Plaintiff's cause of action due to the unnecessary delay and unwanted expenses caused by their own doing. See e.g. Colon v Blades, 268 F.R.D. 137, 140 (D.P.R. 2010); see also United States v. One 1987 BMW 325, 985 F. 2d 655, 657 (1st. Cir. 1993).

WHEREFORE, IT IS ORDERED that Puma's *Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 37 (b)(2) & 41(b) and for Attorney's Fees, or in the Alternative, for Plaintiff to be Precluded from Supporting its Claims* [Dkt. No. 27] is GRANTED, as to the dismissal with prejudice of the Complaint. Each party shall bear its own attorney's fees and costs.

SO ORDERED

In San Juan, Puerto Rico, this 28th day of March, 2017.

Brian K. Tester
U.S. Bankruptcy Judge