# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| IN RE: | CASE NO. 13-06718 BKT |
| | Chapter 7 |
| LUIS DIESEL SERVICES INC | Adversary No. 15-00207 |
| Debtor(s) | |
| NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE | |
| Plaintiff | |
| vs. | |
| MAPFRE PRAICO INSURANCE COMPANY; PUMA ENERGY CARIBE LLC | |
| Defendant(s) | FILED & ENTERED ON 05/15/2017 |

## OPINION & ORDER

Before the Court is Noreen Wiscovitch Rentas, Chapter 7 Trustee's ("Plaintiff") *Motion Requesting Order Setting Aside Opinion and Order Entered on March 28, 2017* [Dkt. No. 62]; Defendant *Puma Energy Caribe's Opposition to Motion for Reconsideration* ("Puma") [Dkt. No. 64]; and Co-Defendant *MAPFRE PRAICO Insurance Company's Opposition to Plaintiff's Motion*

*Requesting Order Setting Aside Opinion and Order Entered on March 28, 2017("MAPFRE") (Docket No. 62)* ("MAPFRE") [Dkt. No. 65]. For the reasons stated below Plaintiff's *Motion Requesting Order Setting Aside Opinion and Order Entered on March 28, 2017* is DENIED.

Reconsideration of a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, made applicable to Bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure, is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). The court emphasizes that the First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr.D.P.R. Aug. 29, 2013); Rosario-Mendez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009).

In conformity with Fed. R. Civ. P. 59(e), a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e). The grounds are

"manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

After considering the arguments raised by both parties, this court finds that Plaintiff's motion neither provides the court with genuine reasons why it should revisit the Opinion and Order [Dkt. No. 58] nor compelling facts or law in support of reversing the prior decision. In their motion to reconsider, Plaintiff fails to establish any of the required legal factors discussed above. Plaintiff's motion attempts to rehash the same arguments that were already considered and found lacking by this court. Moreover, the court finds the arguments raised in Puma and MAPFRE's oppositions, compelling and legally sound, and hereby adopts them in their entirety for the purposes of this reconsideration.

Plaintiff has failed to establish the legal requirements for reconsideration therefore this court finds that they are not entitled to reconsideration under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Plaintiff's *Motion Requesting Order Setting Aside Opinion and Order Entered on March 28, 2017* [Dkt. No. 62] is DENIED.

SO ORDERED

San Juan, Puerto Rico, this 15th day of May, 2017.

Brian K. Tester
U.S. Bankruptcy Judge