# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-06718    BKT |
| LUIS DIESEL SERVICES INC | Chapter  7 |
| | Adversary No.  15-00207 |
| **Debtor(s)** | |
| NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE | |
| **Plaintiff** | |
| vs. | |
| MAPFRE PRAICO Insurance Company; PUMA ENERGY CARIBE LLC | |
| **Defendant(s)** | **FILED & ENTERED ON 03/01/2019** |

## OPINION & ORDER

Before the court is the Chapter 7 Trustee Noreen Wiscovitch-Rentas' (hereinafter "Plaintiff" or "Trustee") *Motion Requesting entry of Summary Judgment* [Dkt. No. 37]; Plaintiff's *Statement of Facts in Support of Motion for Summary Judgment* [Dkt. No. 38]; Co-Defendant Puma Energy

1

Caribe's (hereinafter "PUMA" or "Defendant") *Opposition to Motion for Summary Judgment at Docket No. 37* [Dkt. No. 44]; Co-Defendant MAPFRE PRAICO Insurance Company's (hereinafter "MAPFRE" or "Defendant") *Opposition to Plaintiff's Motion Requesting Entry of Summary Judgment (Docket No. 37), Memorandum of Law in Support Thereof, and Cross-Motion for Summary Judgment* [Dkt. No. 48]; Plaintiff's *Reply to Defendant's PUMA Opposition to Plaintiff's Motion Requesting Summary Judgment* [Dkt. No. 49]; Plaintiff's *Reply to Defendant's MAPFRE Opposition to Plaintiff's Motion Requesting Summary Judgment* [Dkt. No. 51]; PUMA's *Motion for Summary Judgment and for Other Relief* [Dkt. No. 54]; and lastly, Plaintiff's *Opposition to Co-Defendant's, PUMA, Motion Requesting Summary Judgment* [Dkt. No. 57].

The Trustee states in her motion for summary judgment that the payment, in the amount of $93,325, made from MAPFRE to PUMA was from the Debtor's Luis Diesel Services, Inc.'s (hereinafter "Debtor") own funds. Moreover, MAPFRE never provided the bond in the amount of $200,000 purchased by the Debtor on or about July 5, 2013. This payment resulted in a preferential transfer of Debtor's monies to a creditor for an antecedent debt during the preferential period. As such, this case meets all the requirements of § 547(b).

In turn, PUMA and MAPFRE arguments, in their oppositions to the Trustee's motion for summary judgment, are essentially the same. First, that the procedural history of this adversary proceeding and Plaintiff's failure to prosecute bar the granting of summary judgment in her favor. In addition, the Defendants state that the Trustee's motion lacks proper evidentiary support, does not

2

eliminate all material factual issues, and that the transfer of monies may not be avoided as a preference to the extent that the transfer was intended by Plaintiff, MAPFRE and PUMA to be a contemporaneous exchange of new value pursuant to 11 U.S.C. § 547(c)(1) and (c)(4) for the benefit of the Debtor.

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.

After reviewing the arguments of the parties, and the relevant law, this court concludes that there is a genuine issue as to a material fact, specifically, whether the payment of $100,000.00 made by Debtor to MAPFRE originated from property of the Debtor. This is a material fact that mandates an evidentiary hearing. With regards to the alleged procedural deficiencies of the Plaintiff's motion for summary judgment, this court adopts the finding of the First Circuit Bankruptcy Appellate Panel in its Opinion and Order dated May 4, 2018 [Dkt. No. 79, page 21, N. 13] which found that all the

parties were delayed in filing the motion for summary judgment, the oppositions and cross motions. This delay was due to the pending motion to dismiss. Accordingly, the moving parties are not entitled to judgment as a matter of law.

WHEREFORE, IT IS ORDERED that Plaintiff's *Motion for Summary Judgment and for Other Relief* [Dkt. No. 37]; MAPFRE's *Opposition to Plaintiff's Motion Requesting Entry of Summary Judgment (Docket No. 37), Memorandum of Law in Support Thereof, and Cross-Motion for Summary Judgment* [Dkt. No. 48]; and PUMA's *Motion for Summary Judgment and for Other Relief* [Dkt. No. 54] shall be, and hereby are, DENIED. The Clerk shall schedule a pre-trial hearing, with the joint pretrial report to be filed seven (7) days prior to said hearing.

SO ORDERED

San Juan, Puerto Rico, this 1st day of March, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

4