**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-06718 BKT** |
| **LUIS DIESEL SERVICES INC** | **Chapter 7** |
| | **Adversary No. 15-00207** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS CHAPTER 7 TRUSTEE** | |
| **Plaintiff** | |
| **vs.** | |
| **MAPFRE PRAICO INSURANCE COMPANY** | |
| **Defendant(s)** | **FILED & ENTERED ON 05/07/2019** |

**OPINION & ORDER**

Before the court is Plaintiff Noreen Wiscovitch Rentas, Chapter 7 Trustee's (hereinafter "Trustee" or "Plaintiff") *Motion Requesting Order Setting Aside Opinion and Order Entered on March 1, 2019 (Dkt. 102)* [Dkt. No. 108]; Defendant MAPFRE PRAICO Insurance Company's (hereinafter "MAPFRE") *Motion for Reconsideration of Opinion and Order entered at Docket 102* [Dkt. No. 110]; MAPFRE's *Objection to Trustee's Motion for Reconsideration at Docket 108* [Dkt. No. 112]; Defendant Puma Energy Caribe, LLC's (hereinafter "PUMA") *Puma's Objection to*

*Motion for Reconsideration at Docket No. 108* [Dkt. No. 113]; Trustee's *Opposition to Co-Defendant MAPFRE's Motion Requesting Reconsideration* [Dkt. No. 117]; and, MAPFRE's *Reply to Trustee's Opposition to MAPFRE's Motion for Reconsideration* [Dkt. No. 118]. The various requests for reconsideration stem from an *Opinion and Order* (hereinafter "Opinion") which denied all the parties' request for summary judgment finding that there was a genuine issue as to a material fact. The court could not discern whether the entire payment in the amount of $100,000.00, made by Debtor Luis Diesel Services, Inc. (hereinafter "Debtor") to MAPFRE, originated from the property of the Debtor.

The Trustee's request for reconsideration argues that the court erred in not accepting as fact that the funds used to buy the bond came from the Debtor. In support she cites information contained in MAPFRE and PUMA's motions for summary judgment. She alleges that these motions contain a copy of the three checks issued by the Debtor to purchase the bond, and a statement under penalty of perjury by Mr. Roberto Soto Lopez,[1] stating that the Debtor delivered to MAPFRE the amount of $100,000.00 in the form of two official checks from Banco Popular de Puerto Rico and one check from FirstBank Puerto Rico in the total amount of $100,000.00. In sum, the court committed clear errors of fact and law, and there is no controversy amongst the parties that the money used to purchase the bond came from the Debtor. MAPFRE's objection states that it did dispute the source of the $100,000.00 payment in their opposition to the Trustee's motion for summary judgment. That opposition states that the Trustee has not established that the $100,000.00 payment originated from

---

[1] Assistant Vice President of the Surety Department of MAPFRE PRAICO Insurance Company.

Debtor's property.

In turn, MAPFRE's motion for reconsideration sets forth the same factual and legal arguments presented in their motion for summary judgment. PUMA's objection states that it contested, in its opposing statement of uncontested material facts to the Trustee's summary judgment motion, that the Debtor made the $100,000.00. Moreover, the Trustee has not met the heavy burden necessary for reconsideration under the Federal Rules.

Federal Rule of Civil Procedure 59 applies to bankruptcy cases pursuant to Federal Rule Bankruptcy Procedure 9023. For a Rule 59 motion to succeed the movant must show that there has been "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3rd 1, 7 (1st Cir. 2005) (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." In re Nieves Guzman, 567 B.R. at 863 (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citations omitted) (internal quotations omitted). Finally, "[i]n practice, [R]ule 59(e) motions are generally denied because of the narrow purpose for which they are intended." Rosado v. Banco Popular de P.R., 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) (quoting BAC Home Loans Servicing LP v. Grassi, No. EP 11-010, 2011 Bankr. LEXIS 4362 (B.A.P. 1st Cir. Nov. 21, 2011)). Summarily, Rule 59 is not "intended to give an

unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp.879, 889 (E.D.Va.1977).

The Trustee's argument that the funds used to purchase the bond come solely from the Debtor's property has no basis in fact. The copy provided of the three (3) checks used for the bond's purchase, demonstrates that Banco Popular Official check number 103138800002990, made payable to MAPFRE, was remitted by Efrain Maldonado Torres and not the Debtor. In addition, MAPFRE and PUMA both dispute the ownership of the funds used by the Debtor in direct contravention of the Trustee's statements to the contrary.

In the motions to reconsider filed by the Trustee and MAPFRE, both parties fail to establish the legal requirements for reconsideration under Rule 9023 of the Federal Rules of Bankruptcy Procedure. As such, the Trustee's *Motion Requesting Order Setting Aside Opinion and Order Entered on March 1, 2019 (Dkt. 102)* [Dkt. No. 108] and MAPFRE's *Motion for Reconsideration of Opinion and Order entered at Docket 102* [Dkt. No. 110] are DENIED. The court reiterates that there is a genuine issue as to a material fact, specifically, whether the payment of $100,000.00 made by Debtor to MAPFRE originated from property of the Debtor. This is a material fact that mandates an evidentiary hearing. The final pretrial conference is scheduled for May 15, 2019 at 2:00 PM.

SO ORDERED

San Juan, Puerto Rico, this 7th day of May, 2019.

Brian K. Tester
U.S. Bankruptcy Judge