# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-06718 (BKT)** |
| **LUIS DIESEL SERVICES INC** | |
| **Debtor(s)** | **Chapter 7** |
| **NOREEN WISCOVITCH RENTAS** | |
| **Plaintiff** | **Adversary No. 15-0207** |
| **vs.** | |
| **MAPFRE PRIACO INSURANCE CO.** **PUMA ENERGY CARIBE LLC** | |
| **Defendants** | **FILED & ENTERED ON 07/19/2019** |

## OPINION & ORDER

This Court has reviewed the Memorandum of Law filed by Puma Energy Caribe LLC ("Puma") on June 4, 2019, [Dkt. #133] the Response thereto filed by Mapfre PRAICO Insurance Company ("Mapfre") on June 28, 2019, [Dkt. #144] and the Opposition filed by Noreen Wiscovitch Rentas ("Trustee") on July 03, 2019 [Dkt. #150]. Based upon said review, this court vacates and sets aside its Opinion and Order entered on May 7, 2019, [Dkt. #123] and grants Mapfre's Motion for Reconsideration filed on March 15, 2019 [Dkt. #110].

**FINDING OF FACTS**:

1. There has not been an allegation or evidence presented by the Trustee that Mapfre had a claim against Luis Diesel Services, Inc. ("Debtor") prior to July 5, 2013.

2. The check delivered by Mapfre to Puma on August 22, 2013, pursuant to its obligations under the financial guarantee bond number 1303138002013 was in payment of invoices generated by new purchases of petroleum products, after Mapfre was provided the collateral required to issue said bond.

3. The Mapfre bond provided that Mapfre as surety was bound to Puma in the sum of $200,000 to guarantee Debtor's purchase of petroleum products and that the bond would be in force for a term of one year beginning on July 5, 2013 (ending on July 5, 2014). So Mapfre would only be bound to Puma for the payment of new purchases of petroleum products by Debtor on or after July 5, 2013, up to a limit of $200,000.

4. As of July 19, 2013, the following were outstanding invoices owed by Debtor to Puma, for new purchases of petroleum products made on or after July 5, 2013:

   Invoice 535138 from July 5, 2013for $30,397.50

   Invoice 535145 from July 6, 2013 for $20,475.00

   Invoice 535151 from July 6, 2013 for $20,475.00

   Invoice 535152 from July 6, 2013 for $10,237.50

   Invoice 535153 from July 8, 2013 for $13,650.00

   TOTAL: $95,325.00

5. On August 19, 2013, Mapfre issued an internal memorandum stating, in pertinent part, "Order To Issue Check; *Claim: 20131365214; Name: PUMA ENERGY CARIBE LLC*;

*Amount: $95,325.00; Concept: Payment of invoices 535138, 535145, 535151, 535153, and*

*301593* (Invoice 535152)."

6. On August 21, 2013, Mapfre issued check number 1311888 in the amount of $95,325.00

payable to Puma pursuant to bond number 1303138002013.

7. The difference between the amount received by Mapfre from the Debtor ($100,000) and the

amount paid by Mapfre to Puma ($95,325) was returned to the Debtor on August 27, 2015 by

check number 1307586.

**CONCLUSION OF LAW:**

1. Without an allegation or evidence that Mapfre had a claim against the Debtor prior to July 5,

2013, the transfer of the three manager's checks delivered by Debtor to Mapfre on July 5,

2013, cannot be "to a creditor" nor "for the benefit of a creditor."

2. The evidence reveals that the $95,325.00 check delivered by Mapfre to Puma pursuant to its

obligations under bond 1303138002013 was in payment of invoices 535138, 535145,

535151, 535152, and 535153 owed by Debtor to Puma for the purchase of petroleum

products on or after July 5, 2013, without any evidence that Mapfre was acting merely as

conduit for Debtor in order to pay a creditor (Puma) an antecedent debt.

3. There is no evidence that the transfer of funds made to Mapfre on July 5, 2013, that the

Trustee seeks to avoid, were for or on account of, an antecedent debt owed by Debtor to

Mapfre or Puma before such transfer was made.

4. Therefore, the prima facie elements of section 547(b)(1) & (2) of the Bankruptcy Code to avoid a transfer, have not been met.

**THEREFORE,** the Motion for Reconsideration filed on March 15, 2019, [Dkt. No. 110] is granted, the trial hearing set for August 15 and August 16, 2019, is vacated and set aside and the complaint is dismissed.

The Clerk will close this adversary proceeding.

**SO ORDERED**

In San Juan, Puerto Rico, this 19th day of July, 2019.

Brian K. Tester
U.S. Bankruptcy Judge